## ROADWAY TRANSPORT CO. v. GRAY.

### No. 1961.

Court of Civil Appeals of Texas. Eastland.

Dec. 15, 1939.

Touchstone, Wight, Gormley, Strasburger & Price, of Dallas, and Steakley, Harris & Nunn, of Sweetwater for appellants.

Beall, Beall, Yonge & Neblett and Alvin F. Nemir, all of Sweetwater, for appellee.

FUNDERBURK, Justice.

This appeal brings up for review the action of the trial court in overruling pleas of privilege. The plaintiff Elmer J. Gray, a resident of Brazoria County, Texas, by his controverting plea to the defendants' several pleas of privilege sought to sustain venue in Nolan County under exceptions 9 and 29a, as provided in R.S. 1925, Art. 1995, Vernon's Ann.Civ.St. The defendants, J. S. Brimberry, W. A. Brimberry, H. P. Brimberry, I. J. Brimberry, T. J. Brimberry, J. C. Brimberry, and S. G. Lacy were each residents of Howard County. Said defendants, except Lacy, constituted a partnership, doing business under the firm name of Roadway Transport Company. Lacy was an employee of the other defendants, a part of his employment being that of a truck driver. (Throughout the whole record Roadway Transport Company is treated as a defendant, independently of the other defendants resulting in a useless encumbrance of the

record since, not being incorporated nor shown to be a joint stock company or association, it was not a legal entity with capacity to be sued independently of its members, and, of course, could interpose no defense not fully available to the individuals who were parties.)

There are no conclusions of fact or law in the record showing the basis of the judgment of the court.

One ground upon which the correctness of the judgment is challenged is that the testimony showed conclusively that plaintiff was guilty of contributory negligence. Contributory negligence as a ground of defense usually consists of three issues: (1) an alleged act or omission of, or chargeable to, the plaintiff; (2) that such act or omission was negligence; and (3) if negligence, whether same was a proximate cause of the injuries. Neither contributory negligence as a ground of defense, nor any of its said component issues, was material in the trial of the pleas of privilege. If the evidence raised issues of fact upon which the trial judge as the trier thereof was warranted in concluding that the suit was one based upon "a crime, offense, or trespass" committed in Nolan County, then the judgment overruling the pleas of privilege was proper, even if the evidence did show conclusively that plaintiff was guilty of contributory negligence. No other conclusion, we think, is permissible if full recognition be given to the principles declared in many of the decisions, notably, Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, and Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

We sustain the contention that a "showing that the defendant left an unlighted truck standing on the highway at night is not a showing of active trespass which would justify depriving defendant of the right to be sued in the county of his domicile under section 9 of Art. 1995, Revised Statutes." Negligence may or may not involve a trespass. Unless it does then a suit seeking to enforce a liability for such negligence is not a suit based upon trespass within the exception under consideration. Plaintiff's controverting plea by its own averments affirmatively showed that the suit was not one based upon a trespass.

■ But that fact is not conclusive that the judgment was improper. The record does not show that the trial judge entertained any such view. The presumption is that the court concluded that a crime was shown to have been committed in Nolan County. A crime, unlike a trespass, may consist of either acts which constitute a trespass or other elements which do not. Sproles v. Copeland, Tex.Civ.App., 67 S. W.2d 1076.

■ We are unable to sanction the contention that the judgment was wrong on the ground that the testimony of plaintiff established conclusively that the injury was the result of a new and independent cause. It may be granted that but for the position of the third party's automobile on the highway and the effect of the lights thereon, claimed to constitute the new and independent cause, no injury would have resulted. That is not the test. The real test is, should the defendant, in the exercise of ordinary care, have reasonably foreseen as probable some such injury as that which did in fact result, even though caused, mediately or immediately by other agencies, such as that which appellant contends was a new and independent cause? A new and independent cause is not shown as a matter of law, unless also, as a matter of law, the alleged negligence of the defendant was not a proximate cause of the injury. Whenever an issue of proximate cause is, under the evidence, one of fact, so also under the same evidence an issue of new and independent cause is an issue of fact. In our opinion the evidence in this case raised an issue of fact as to whether the alleged negligence of the defendant was a proximate cause of plaintiff's injury.

■ A more serious question presented, perhaps, is this: Assuming that there was evidence to warrant the conclusion that the suit as to Lacy, the employee truck driver, is one based upon a crime committed in Nolan County, is that conclusive also as against the pleas of privilege of the other defendants who committed no crime? Our earlier thought upon this question was that the applicability of exception 29a to the general rule of venue as prescribed in Vernon's Ann.Civ.St. Art. 1995, was involved and that the question was presented of whether the defendants, other than Lacy, were necessary parties to the suit against Lacy. Upon further consideration, however, we are satisfied no such questions are involved. Application of the particular exception to the general rule of venue—that a suit based upon a crime may be brought and maintained in the county where the crime was committed—does not require that all of the defendants have participated in the crime. There is not one cause of action alleged as against Lacy and another and different cause of action or causes of action alleged against the other defendants. A single cause of action is alleged against all. That cause of action being the sole subject matter of the suit, it logically results, we think, that the suit either is, or is not, one based upon a crime. The statute prescribing the exception does not by its terms require that the liability sought to be enforced by the suit shall result solely from the commission of a crime. According to the statute it is sufficient if the suit be based upon a crime. If, as to one defendant it be a suit based upon a crime, then obviously it is such a suit as to all defendants against whom the same cause of action is sought to be enforced.

This conclusion results from the language of the particular exception to the general rule of venue involved, and, of course, can afford no basis for any generalizations affecting other exceptions of a different nature.

Upon the whole, it is our conclusion that no error in the judgment has been shown, that the judgment should be affirmed, and it is accordingly so ordered.