## ENGLISH et al. v. WARE.
### No. 3798.

Court of Civil Appeals of Texas. Beaumont.

Jan. 30, 1941.

Darden & Burleson, of Waco, for appellant.

S. M. Adams and R. A. McAlister, both of Nacogdoches, for appellee.

WALKER, Chief Justice.

On the 6th day of February, 1940, an automobile in which Ray Ware was riding as a passenger ran into the rear end of a truck owned and operated by appellant, J. M. English. Ware's wife, appellee herein, and a third person were with him in the automobile; Ware was killed in the collision. At the time of the collision, appellant's truck, in operation in his business, was parked on the west side of North Street in the corporate limits of the City of Nacogdoches, near the Eat-a-Bite cafe. The truck driver, David I. Sawyer, was in the truck. The lights on the truck were not burning. Appellant was not present at the time of the collision. North Street constitutes a section of State Highway No. 35.

This suit was filed by appellee, the widow of the deceased, against appellant, praying for judgment for damages suffered by her by reason of the death of her husband. She plead against appellant the facts generally as stated above, and the following acts of negligence, based on the facts as proximate causes of the collision: (a) the parking of his truck, after night, on the main travelled portion of a street or highway within the corporate limits of the City of Nacogdoches; (b) the parking of his truck on a public street or highway without any lights; and a general allegation of (c) the parking of his truck without taking any precautions to warn the travelling public of the location of the truck.

In reply to appellant's plea of privilege to be sued in Harris County, the county of his residence, appellee filed her controverting affidavit in due form, sufficient to support the introduction of the facts detailed above, and in support of her venue laid in Nacogdoches County, she plead Subdivision 9 of Art. 1995, R.C.S. 1925, which provides that: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, * * *."

On trial to the court without a jury, judgment was rendered overruling the plea of privilege.

Opinion.

In parking the truck on North Street without its lights burning, appellant's truck driver committed a crime or offense within the meaning of Subdivision 9, Art. 1995, in that he violated the provisions of Art. 798 of the Penal Code: "Every motor vehicle * * * while on the public highways, when in operation, during one-half hour after sunset to one-half hour before sunrise * * * shall carry at the front at least two lighted lamps * * * and shall also carry at the rear a lighted lamp exhibiting one red light. * * * Any person who while operating such vehicle on a public highway shall violate any provision of this article shall be fined not to exceed one hundred dollars."

At the time of the collision, appellant's truck was being operated in his business. Sawyer, the truck driver, was in charge, driving it to Houston in the course of his employment. At the time of the collision, it was parked temporarily, only for a short period of time, Mr. Sawyer intending to resume its active operation and to drive it on to Houston. On this statement, at the time of the collision, appellant's truck was "in operation" as that term is used in Art. 798 of the Penal Code. Horton v. Benson, Tex.Civ.App., 266 S.W. 213; Pennington Produce Company v. Wonn, Tex.Civ.App., 49 S.W.2d 482; Sproles v. Rosen, 126 Tex. 51, 84 S.W.2d 1001.

The fact that appellant was not present at the time of the collision, in charge of his truck, is immaterial. Appellee's cause of action is "based" upon the "crime" or "offense" committed by Sawyer, appellant's agent, in the City of Nacogdoches, Nacogdoches County. Roadway Transport Company v. Gray, Tex.Civ.App., 135 S.W.2d 200.

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.