### AUSTIN ROAD CO. v. FAISZT.
#### No. 3843.

Court of Civil Appeals of Texas. Beaumont.
March 27, 1941.

J. T. Adams and W. P. Sexton, both of Orange, for appellant.

Lamar Cecil and Albert Maverick, both of Beaumont, for appellee.

WALKER, Chief Justice.

For cause of action against appellant, appellee alleged that "on or about the 15th day of November, 1939, he was driving eastward on the Old Spanish Train Highway between the town of Vidor and the City of Orange (in Orange County), Texas, at about 8 o'clock P. M., and while on the right side of the middle of the highway he ran into the rear end of a parked car, license No. 159-739 Texas, which was was in use by said defendant, its agents, servants and employees and was left in the position above stated when plaintiff's car collided with the same, and the position in which said car was so situated at the time of the collision was placed in such position by said defendant and the agents, servants and employees of said defendant." His prayer was for judgment against appellant in the sum of $221.55, the damages suffered by him in the collision. Appellant duly filed its plea of privilege to be sued in Dallas County, to which appellee duly filed his controverting affidavit claiming venue in Orange County on the ground "that said collision and said acts of the defendant constituted a trespass within the provisions of Sub. 9 of Art. 1995, R.S.1925." Appellant has prosecuted its appeal to this court from the judgment of the lower court overruling its plea of privilege. The judgment is erroneous. The facts alleged do not constitute a "trespass" within the meaning of that term as used in Sub. 9 of Art. 1995, R.S.1925. Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645; Roadway Transport Co. v. Gray, Tex.Civ.App., 135 S.W. 2d 200.

The facts have been fully developed. The judgment of the lower court is reversed and cause remanded, with instructions to transfer this case to the County Court of Dallas County.

Reversed and remanded with instructions.