**HURLEY et al. v. REYNOLDS et ux.**

No. 2267.

Court of Civil Appeals of Texas. Eastland.

Dec. 19, 1941.

Rehearing Denied Jan. 9, 1942.

Scarborough, Yates & Scarborough, of Abilene, and Touchstone, Wight, Gormley & Touchstone, of Dallas, for appellants.

Sayles & Sayles, of Abilene, and Stennis & Osborne, of Pampa, for appellees.

FUNDERBURK, Justice.

Burton Reynolds and wife, Katherine Reynolds, brought this suit against O. S. Hurley and Chet Roemer, seeking to recover damages for personal injuries suffered by plaintiffs as the result of a collision between plaintiffs' automobile, in which they were riding, and a truck owned by defendant Hurley and driven by his employee, Chet Roemer. Each defendant duly filed a plea of privilege to be sued in Dallas County, the alleged county of his residence. Plaintiffs thereupon filed their controverting plea to said pleas of privilege. The controverting plea set forth all the allegations of plaintiffs' original petition and of plaintiffs' first amended original petition, filed simultaneously with the controverting plea, and as to each of said pleadings alleged that the facts therein were true.

The controverting plea contained further averments, designed altogether to show a trespass and three or four several crimes committed in Taylor County, upon which the suit was based; and to sustain the venue under exception 9 to the general rule of venue, as prescribed in R.S.1925, Art. 1995, Vernon's Ann.Civ.St. art. 1995. The controverting plea also contained allegations designed to invoke exception 29a as to the defendant O. S. Hurley upon the theory that he was a joint tort feasor with defendant, Chet Roemer and was, therefore, a necessary party to the suit.

Upon hearing of the pleas of privilege the court gave judgment overruling same, from which the defendants have appealed. Appellants will be referred to by name, or as defendants, and appellees as plaintiffs.

In reviewing any challenged judgment overruling a plea of privilege, it is believed to be conducive to a better understanding of the problems presented, and greater clarity in the expression of our conclusions, first to determine, and bear in mind, the venue facts comprising the one or more exceptions to said general rule of venue relied upon by the plaintiff to sustain the venue.

We shall express no opinion as to whether the judgment may independently be sustained as to the defendant, O. S. Hurley, based upon exception 29a. If our conclusions are correct relative to exception 9 they affect both defendants alike and there is no need for recourse to exception 29a. Roadway Transport Co. v. Gray, Tex.Civ. App., 135 S.W.2d 200; Crawford v. Sanger, Tex.Civ.App., —— S.W.2d ——.[1]

In exception 9 the venue facts were said, in Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91, 93, to be as follows:

"The venue facts, therefore, which plaintiff is required to plead and prove, are that the crime or offense [omitting trespass only because not in the case involved] alleged was committed and that it was committed in the county where the suit is pending. * * * Proof of the fact of the commission of the crime, offense, or trespass is as essential as is proof of the place where it was committed. The commission of the crime, offense or trespass is under the terms of this exception a part of the venue facts. * * *

"(1) The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the particular exception in Article 1995 *that is applicable or appropriate to the character of suit alleged in plaintiff's petition.* [Italics Ours]

"(2) The venue facts which a plaintiff is required to plead and prove under exception 9 are that the crime, offense, or trespass was in fact committed and that it was

**1** Rehearing pending at date of publication.

committed in the county where the suit is pending."

It thus appears that, at the time of the Compton v. Elliott decision, the court regarded the fact of the commission of a crime, offense or trespass as a single venue fact, being one of only two venue facts comprising exception 9. However, the opinion shows that importance was attached to "the character of suit alleged in plaintiff's petition", as shown by the clause above italicised. Probably it was not recognized or named as a third venue fact only because the court could take judicial knowledge of it, and, therefore, as we had occasion to say in Fielder v. Parker, Tex.Civ.App., 119 S. W.2d 1089, it was not necessary formally to introduce in evidence plaintiff's petition, although it was the best and all sufficient evidence of the nature of the suit,—a venue fact. In the later case of Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302, involving exception 4, the holding in Compton v. Elliott, supra (involving exception 9, as aforesaid) was reaffirmed to the effect "that the venue facts which a plaintiff desiring to sue a defendant outside of the county of his domicile must allege and prove, if the defendant asserts his privilege, are those stated in the particular exception that is applicable or appropriate to the character of suit alleged in the plaintiff's petition." That statement was applicable to all exceptions alike. Applying it to exception 4, the court considered that according to the literal language of exception 4, there were but *two* venue facts; for, said the court, "This language by its terms names as the venue facts to be alleged and proven by the plaintiff the residence of one of the defendants in the county where the suit is pending *and a suit brought against two or more defendants.*" (Italics ours.) As to the venue fact in the preceding quotation italicised, it was further said: "The other of the two venue facts named by the terms of exception 4, that is, that the suit is brought against two or more defendants, pertains to the nature of the suit. The reasonable inference is that a proper suit against two or more defendants is meant, that is, a suit in which the defendants are *properly joined. It is essential that a plaintiff* seeking to obtain the benefit of exception 4 allege in his petition a joint cause of action against the resident and nonresident defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits." As to what would constitute essential proof of the "venue fact" consisting of the nature of the suit, with respect to whether it was against two or more defendants and/or was one in which the non-resident defendant was properly joined, the court said: "Proof that the suit is of such nature is supplied by the plaintiff's petition, for it, as so often has been said, is 'the best and all-sufficient evidence of the nature of the action.'" We regard the question thus set at rest that at least as to exception 4 one venue fact is the nature of the suit comprehending in its scope as material to exception 4, the fact that it is against two or more defendants and the cause of action is either joint as to all defendants, or at least the non-resident defendant is a proper party to the suit. In the opinion it was further held that in addition to the above *two* venue facts there was another—the fact of the existence of a *cause of action against the resident defendant.* This, at the time, seems to have been regarded as a single venue fact. The court said of it that "the decisions of the courts have added *another* venue *fact* to those prescribed by the language of exception 4." (Italics ours.) As applicable to exception 4, the court's conclusions were clearly summarized thus: "Under the conditions set forth in the answer to the first question, [i. e., "When, in a suit against two defendants residing in different counties brought in the county of the residence of one of them, the nonresident defendant files a plea of privilege to be sued in the county of his residence and the plaintiff seeks to sustain venue under exception 4 of Article 1995"], the plaintiff establishes his right to maintain venue where laid, by alleging a joint cause of action against the two defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits, and by the proof afforded by the petition that such is the nature of the suit, and by proving, by independent evidence, that the defendant alleged to reside in the county where the suit is pending in fact resides in such county and the further fact that plaintiff has a cause of action as alleged against the resident defendant." (Italics ours.)

The opinions in Compton v. Elliott and Stockyards Nat. Bank v. Maples, supra,

logically compel the conclusion that the latter modified the holding in the former in at least one respect, namely, that there are but *two* venue facts comprised in exception 9. It is obvious that the fact of the nature of the suit, if a venue fact in exception 4, is also a venue fact in exception 9. Surely, it could not be contended that the fact that a suit is against two or more defendants residing in different counties and/or is such that a non-resident defendant is a proper party thereto pertains to the nature of the suit, and is proved by the plaintiff's petition; but that the fact that a suit is one "based on a crime, offense or trespass" does not pertain to the nature of the suit, or would not be proved by plaintiff's petition.

■ The opinions in Compton v. Elliott and Stockyards Nat. Bank v. Maples, supra, while referring to a crime, offense or trespass or to a cause of action as a single venue fact raised the unanswered question of whether the fact of the commission of a crime, offense or trespass, or the existence of a cause of action comprise each a single venue fact or more than one. Said decisions, particularly the latter, clearly declared that only venue facts are relevant in the trial of a plea of privilege; and that all venue facts essential to support venue under any particular exception are required to be alleged and proved. There would, therefore, seem to be no logical escape from the conclusion that if plaintiff be required to allege the commission of a crime, offense or trespass under exception 9, for example, or the existence of a cause of action under exception 4 or 29, (libel) for further example, and by that is meant that he is required to allege each essential element thereof, then each such element would in itself constitute a venue fact. It was so decided by the Supreme Court in the subsequent cases of A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, and Blanton v. Garrett, 133 Tex. 399, 129 S.W. 2d 623. The minority opinion of the Court of Civil Appeals in A. H. Belo Corp. v. Blanton, 126 S.W.2d 1015, expressed the view that the fact of the existence of a cause of action was, under Compton v. Elliott, supra, a single venue fact, and that as a matter of pleading it was sufficient simply to allege it as such. Under that view, the elements of the cause of action were considered to be matters of evidence. But the Supreme Court answered to the contrary questions certified to it; and held that it was necessary that each element of the cause of action be alleged. It is, therefore, considered as settled by said decisions that each element of a cause of action, where the existence of a cause of action is relevant in the trial of a plea of privilege, is a venue fact. Upon a parity of reasoning, it would seem logically to follow that where the commission of a crime, offense, or trespass is relevant, each element thereof likewise constitutes a venue fact.

■ In the light of the already adjudicated questions set forth in the foregoing, let us now inquire specifically what were the venue facts in issue in this case. In our opinion, subject to the qualifications hereinafter stated, such venue facts were as follows: (1) That the suit was one based upon a crime, offense or trespass; (2) that the crime, offense or trespass, if any, upon which the suit is based was, in fact, committed; (3) that such crime, offense or trespass, if any, was committed in Taylor County.

■ The first of said venue facts pertains to the nature of the suit and, as to it, plaintiff's petition was the "best and all-sufficient evidence." Whether formally introduced in evidence or not, said pleading being a matter within the judicial cognizance of the court was effective as evidence relative to said venue fact. It constituted the only evidence that the suit was one based on crime, offense or trespass; and either established that fact conclusively, or else there was no evidence of such fact. In our opinion, it conclusively established the fact.

The 2nd venue fact (above listed as a single fact) really comprises as many different venue facts as there are elements in each crime, offense or trespass upon which, according to the allegations of plaintiffs' petition, the suit is based. We shall presently return to a consideration of this group of venue facts.

The 3rd venue fact was not in dispute, except in the sense that if, as contended by defendants, no crime, offense or trespass was committed, then, of course, it was not committed in Taylor County.

It, therefore, appears that the really controverted questions must be determined with reference to the venue fact, or group of facts, above designated as "2nd."

■ For the sake of brevity we shall merely state our conclusion that plaintiffs'

controverting plea, of which their petition was a part, alleged the several elements of at last three crimes or offenses. Without undertaking to state their several elements, such crimes or offenses may be sufficiently identified as (1) driving an over-loaded truck on the highway; (2) stopping the truck on the highway without leaving 15 feet clearance; (3) leaving the truck parked on the highway without placing flares to the front and rear. There was, we think, sufficient evidence as to every element of some, if not all, of these alleged crimes to raise issues thereon. Such issues, we think, must be regarded as having been concluded against the defendant Chet Roemer by implication of the order overruling his plea of privilege.

■ But, how about the defendant Hurley who committed no crime or offense? Some additional evidence was required in order to identify the crime or offense actually committed by Roemer in Taylor County as the alleged crime or offense upon which the suit—as a suit against Hurley— was based. Evidence that Roemer in operating the truck was the employee of Hurley, identified the crime or offense of Roemer as being a crime or offense upon which the suit was based as to Hurley as well as Roemer. Only one cause of action was alleged as to both defendants. The cause of action against one was the same as the cause of action against the other. If, therefore, the cause of action against Roemer was one based upon a crime, offense or trespass, the cause of action against Hurley being the same was necessarily based upon the same crime, offense or trespass. Roadway Transport Co. v. Gray, supra. The suit as to each defendant is not of such nature that it seeks to enforce liability for a crime, offense or trespass as such. The suit seeks to enforce liability for actionable negligence. An act claimed to constitute negligence may be a trespass, but in a negligence suit that is of no importance except as relating to a question of venue under exception 9 when the venue may be sustained solely bcause the suit is based upon the trespass committed in the particular county. Similarly, an act or omission may be a crime, but that is of no importance except for the same reason and purpose.

■ Under the conclusions stated, if it should be granted (1) that there was no evidence that any trespass was the proximate cause of plaintiffs' injuries, or (2) that there was no evidence that such injuries were proximately caused by any act of appellants constituting a crime or offense; or (3) that the evidence showed conclusively that the plaintiffs' injuries were proximately caused by the acts of third persons; or (4) that the evidence was conclusive that the acts of third parties were a new and independent cause of the injuries; or (5) that the evidence was conclusive that the plaintiffs' injuries were the result of unavoidable accident; or (6) of plaintiffs' contributory negligence, as, in effect, contended in defendants' Assignments of Error 1 to 6, inclusive, it, nevertheless, does not follow, as further contended, that the court erred in overruling the pleas of privilege. This is so, we think, for the reason that those matters relate to the proof of a cause of action, and the existence of a cause of action was not included in the venue facts above listed as comprising exception 9. It is immaterial that the evidence may have shown conclusively that the plaintiffs had no cause of action. No question of liability was in issue. Appropriate to the situation are the closing words of the opinion in Stockyards Nat. Bank v. Maples, supra: "The issue [issues] raised by the plea of privilege and the controverting affidavit is [are] venue, not liability."

It follows that, in our opinion, the judgment overruling the plea of privilege should be affirmed, and it is accordingly so ordered.