## THOMAS v. MEYER.

No. 11233.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 20, 1943.

Rehearing Denied Feb. 17, 1943.

Morriss & Morriss, of San Antonio, for appellant.

Herbert Oliver and John Peace, both of San Antonio, and C. I. McFarlane, of Houston, for appellee.

NORVELL, Justice.

This is an appeal from an order overruling a plea of privilege filed by the defendant below, A. D. Thomas. The plaintiff below, Leonard W. Meyer, controverted the plea and asserted that his

suit was based upon a crime or offense within the meaning of exception 9 of Article 1995, Vernon's Ann.Civ.Stats.

Trial was to the court without a jury and upon request findings of fact and conclusions of law were filed.

We take the following from the trial court's findings:

A collision occurred in Bexar County upon March 10, 1941, about one o'clock a. m. involving an automobile owned and being driven by Meyer, the appellee here, and a truck owned by appellant Thomas.

Prior to this collision, the truck with an attached trailer had been left standing upon the highway by John Stanley Pope, appellant's employee, who was then acting within the scope of his employment. Pope failed to place lighted flares in the vicinity of the parked truck. The acts or omissions of Pope were criminal in nature, being violations of Article 827a, §§ 9-a, and 10 of Vernon's Ann.Penal Code. Such acts or omissions also constituted negligence, which was the proximate cause of appellee's injuries. Thomas, the appellant, was not present at the time of the collision and did not know of the acts or omissions of Pope until after the accident. Both Pope and Thomas were residents of Val Verde County, Texas.

The trial court concluded as a matter of law that Meyer was entitled to maintain his suit against appellant in Bexar County, Texas, by virtue of exception 9, of Article 1995.

It is not contended by appellee that this is a suit based upon a trespass under the exception above mentioned. Although Pope was named as a party defendant in the petition, the pertinent pleadings here raise no question involving exception 29a of Article 1995. In fact appellee before this Court relies solely upon the crime or offense clause of exception 9 to sustain the order appealed from.

■ This appeal therefore turns upon the meaning of the phrase, "a suit based upon a crime," as used in exception 9. The words "crime" and "offense" as used therein are synonymous. Austin v. Cameron, 83 Tex. 351, 18 S.W. 437.

There is an admitted conflict of decision among the Courts of Civil Appeals upon the question of construction involved.

The Eastland and Beaumont Courts of Civil Appeals have construed the phrase as having a meaning at variance with that placed upon it by the Austin Court of Civil Appeals and by this Court. Roadway Transport Co. v. Gray (Eastland), Tex.Civ.App., 135 S.W.2d 200; Hurley v. Reynolds (Eastland), Tex.Civ.App., 157 S.W.2d 1018, and in connection therewith see dissenting opinion, Moreland v. Hawley Independent School District (Eastland), Tex.Civ.App., 163 S.W.2d 892, 896; English v. Ware (Beaumont), Tex.Civ. App., 147 S.W.2d 864; Brown v. Calhoun (Austin), Tex.Civ.App., 22 S.W.2d 757; Murray v. Jones (San Antonio), Tex.Civ. App., 56 S.W.2d 276; Heard & Heard v. Kuhnert (San Antonio), Tex.Civ.App., 155 S.W.2d 817.

■ In Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93, it was said that: "The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the particular exception of article 1995 that is applicable or appropriate *to the character of suit alleged in plaintiff's petition.*" (Italics ours.)

■ The character of the suit is always of importance in venue cases. It also seems clear that the "crime" which must be pleaded and proved as a venue fact, must necessarily be the act or omission (denounced as a crime by the Penal Code) upon which plaintiff's suit is based. It surely can not be said that venue of a suit could be maintained in a certain county by plaintiff's alleging in a controverting affidavit and thereafter proving that the defendant had committed some crime in the county in which the suit was brought, which crime had no relationship to the basis of the cause of action asserted in the petition. The identity of the crime asserted to maintain venue and the crime which forms the basis of the suit must be established. Further, we take it to be equally self-evident that if the petition, the controverting affidavit, or the proof fails to show that the character of the suit is that of "a suit based upon a crime," the venue of the suit can not be maintained in a particular county upon the theory that it comes within the crime clause of exception 9. This fact was recognized by the Eastland Court in Hurley v. Reynolds, Tex.Civ.App., 157 S.W.2d 1018, 1021, wherein it was stated that one of the "venue facts" in a case of this

nature is "that the suit was one based upon a crime, * * *."

As we view it, the present conflict of decision is directly attributable to a difference of opinion as to character or class of suit embraced within the phrase, "a suit based upon a crime."

We here point out an obvious fact. The statutory wording, "a suit based upon a crime, offense, or trespass," leaves much to be desired in so far as clarity and definiteness is concerned. The same was true of the wording of Article 1198, Subdivision 8 of the 1879 Revised Civil Statutes wherein appeared the phrase, "where the foundation of the suit is some crime, or offense, or trespass." From the language employed, several possible constructions are permissible, and each of them may be supported by logical arguments. We think that the history of the "trespass" phrase demonstrates that the statute is uncertain in wording and thus capable of a number of possible constructions.

In Hill v. Kimball, 76 Tex. 210, 13 S.W. 59, 60, decided in 1890, the Supreme Court was called upon to determine whether or not the foundation of a suit was a trespass in a case wherein the action was based upon negligence. Judge Gaines, writing for the Court, held that the term "trespass," as used in the venue statute, was descriptive of a *"class of actions,"* and "was intended to embrace, not only actions of trespass proper, as known to the common law, but also actions of trespass on the case."

In Ricker, Lee & Co. v. Shoemaker, 81 Tex. 22, 16 S.W. 645, another negligence case, the term "trespass" as used in the venue statute was given a more restricted meaning than that adopted in Hill v. Kimball. Those actions based upon negligent omissions were excluded so that the term "trespass" as used in the venue statute (sometimes referred to as a Gaines trespass) was given a construction which differed in meaning from that associated with either "trespass'" or "trespass on the case" at common law. The basis for the restriction adopted was stated by Judge Gaines as follows: "The words, 'where the crime, offense, or trespass was committed,' indicate that the word 'trespass' was intended to embrace only *actions* for such injuries as result from wrongful acts willfully or negligently committed, and not those which result from a mere omission to do a duty."

The holding in Ricker, Lee & Company v. Shoemaker has been consistently followed by the Supreme Court. Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062.

The rather uncertain wording of the trespass clause has been given a definite meaning by the force of judicial decision. Certain possible or permissible constructions have been rejected, but certainly no one would contend now that in the absence of legislative action, the term "trespass" as descriptive of a class of actions should be restricted to trespass at common law or extended so as to include all actions which could have been brought under the common law form of trespass on the case.

Much the same situation exists insofar as the crime phrase is concerned. If "a suit based upon a trespass" may be properly considered as descriptive of a certain class of actions, then the phrase "a suit based upon a crime" may likewise be considered as descriptive of a certain class of actions. The legislative language employed with reference to "a suit based upon a crime" is likewise uncertain and subject to a number of possible constructions. However, this particular class of actions has been defined and the character of the actions prescribed by judicial decisions.

In Austin v. Cameron, 83 Tex. 351, 18 S.W. 437, the Supreme Court, again speaking through Judge Gaines, held that for an action to be properly classified as a suit based upon a crime (or as having some crime as its foundation) it is necessary that the basis of the action be some act or omission for which *the defendant is liable to punishment under the provisions of the Penal Code.* As to pleading, Austin v. Cameron holds that it must be definitely averred that the act or omission constituting the crime and the basis of the action was committed by the defendant as a principal, accomplice or accessory, as defined by the Penal Code. An allegation that a crime was committed by some person is insufficient even though the defendant be liable in damages by reason of the commission of the act which is also a crime. The crime must be the crime of the defendant before the action can be classed as "a suit based upon a crime."

█ It is urged that the holdings of Austin v. Cameron above set out are dicta. By reason of the decisions of this Court hereinafter mentioned, we need not discuss

at length the force of dicta as applicable to the doctrine of stare decisis, except to point out that it can hardly be said that the language employed by Judge Gaines in Austin v. Cameron was lightly used. It seems more probable to assume that the holdings upon the point here involved were deliberately made for the guidance of the bench and bar upon a point of statutory construction not theretofore considered by the Supreme Court. It therefore seems that these holdings must at least be considered as judicial dicta rather than mere obiter. United States v. Poller, 2 Cir., 43 F.2d 911, 74 A.L.R. 1382; Scovill Mfg. Co. v. Cassidy, 275 Ill. 462, 114 N.E. 181, Ann.Cas.1918E, 602; 14 Am.Jur. 295, § 83.

█ It follows that such holdings should be followed in the absence of some cogent reason for departing therefrom. The propounding of an additional possible construction of a rather indefinite statute alone will not suffice, even though the suggested possible construction be considered equal or even superior in logic or plausibility to that adopted by the Supreme Court.

The point is, however, strictly stare decisis in this jurisdiction. We have again examined the entire record of Murray v. Jones. See Tex.Civ.App., 56 S.W.2d 276, also concurring opinion of the Chief Justice in Heard & Heard v. Kuhnert, Tex. Civ.App., 155 S.W.2d 817. From this examination it appears that there was no evidence, as distinguished from bald conclusions, that the driver of the automobile involved, Murray's alleged chauffeur, was in fact the agent or employee of Murray, or that as such he was acting within the scope of his authority or employment, or that the automobile driven by him was owned by Murray. The trial court evidently considered the allegations of the controverting affidavit as sufficient to establish these matters and terminated the hearing with the statement to plaintiff's attorney that, "You needn't put on more proof. I am going to overrule the plea of privilege."

█ Murray v. Jones was decided by this Court prior to the time of the decision of Compton v. Elliott, 126 Tex. 232, 88 S. W.2d 91. The record, especially in view of the authorities following Compton v. Elliott, was wholly insufficient to support the trial court's action in overruling the plea of privilege. However that may be,

the fact that this Court's decision in reversing the order of the trial court, could have been supported by other or different grounds than those discussed and selected by this Court as and for the basis of its conclusion, in no way detracts from the authority of the decision upon the points actually decided. 14 Am.Jur. 298.

The controverting affidavit in Murray v. Jones expressly alleges that "some of said acts of negligence (which were set out above) of said defendant do constitute crime and offense within the meaning of Section 9, of Article 1995, Vernon's Annotated Revised Statutes of the State of Texas, 1925." This contention was here overruled upon authority of the cases cited in appellant's brief, one of them being Brown v. Calhoun, Tex.Civ.App., 22 S.W. 2d 757, 758, wherein Chief Justice McClendon, speaking for the Austin Court of Civil Appeals, said:

"We think it immaterial whether leaving the truck parked upon the highway without lights was a violation of the Penal Code (see Horton v. Benson, Tex. Civ.App., 266 S.W. 213), because, even conceding that it was, the liability of appellant for the act of his servant could not be based upon the criminality of the act unless appellant was a party to the crime or offense either as an accomplice or otherwise, of which there is no contention. This exact point was decided in Austin v. Cameron, 83 Tex. 351, 18 S.W. 437."

█ This Court has consistently followed the holding of Austin v. Cameron upon the point involved and has repeatedly refused to recognize as suits based upon a crime or offense, that class of actions in which the liability of the defendant to the plaintiff is predicated upon some act denounced as criminal by the Penal Code, committed by a person other than the defendant and for which the defendant is not punishable under the provisions of the Penal Code. In a number of the cases no written opinion was handed down, in accordance with this Court's policy set forth in Associate Indemnity Corporation v. Gatling, 75 S.W.2d 294. Our latest expression upon the point is contained in Heard & Heard v. Kuhnert, Tex.Civ.App., 155 S.W.2d 817.

We might further point out that although Austin v. Cameron was decided in 1890, and there have been numerous sessions of the Legislature since that time, no legisla-

tive enactment has been adopted which could be construed as an attempt to modify or change Judge Gaines' construction of the crime clause of the exception involved. The construction apparently met with the acquiescence of the bar. It was followed by the Austin Court in 1929 (Brown v. Calhoun, Tex.Civ.App., 22 S.W.2d 757), and by this Court in 1932 (Murray v. Jones, Tex.Civ.App., 56 S.W.2d 276), and, so far as we have been able to find, was not challenged until 1939 (Roadway Transport Co. v. Gray, Tex.Civ.App., 135 S.W.2d 200). In view of these circumstances, and the prior decisions of this Court, we could no more properly extend the scope of the crime clause of the exception beyond its definition as given by Judge Gaines than we could extend the scope of the trespass clause, as defined by that great jurist in Ricker, Lee & Company v Shoemaker, 81 Tex. 22, 16 S.W. 645. The matter is settled in this jurisdiction.

As to the character of the action and by way of summary, the holding of this Court is that in order to make applicable the "crime" clause of exception 9 of Article 1995, the suit alleged in plaintiff's petition must be one in which the basis of liability of the defendant to the plaintiff is some act or omission for which act or omission the defendant is liable to punishment under the Penal Code.

The character of the suit and the applicability of the exception being thus established, the burden then devolves upon the plaintiff to plead (in the controverting affidavit) and prove (by a preponderance of the evidence) that (1) a crime or offense was in fact committed, (2) by the defendant (the party' asserting his privilege) as a principal, accomplice or accessory, as defined by the Penal Code, (3) in the county wherein venue is sought to be maintained, and (4) that there is a causal connection between the act or omission constituting the crime and the plaintiff's injuries (as in the case of a trespass. Heard & Heard v. Kuhnert, Tex.Civ.App., 155 S.W.2d 817, 819).

As the findings of the trial court affirmatively show that appellant did not participate in the crime upon which appellee's suit is based, either as principal, accomplice or accessory, it follows that his suit is not one based upon a crime or offense under the definition adopted and followed by this Court. The order ap-

pealed from is accordingly reversed and judgment here rendered sustaining the plea of privilege, and changing the venue of this cause as to appellant to the District Court of Val Verde County, as provided in Rule 89, R.C.P.

Reversed and rendered.

On Motion for Rehearing.

Appellee has filed a motion herein suggesting that we certify the controlling question in this case to the Supreme Court. We decline to take this action. Our decision is in accordance with the Supreme Court's holding in Austin v. Cameron, 83 Tex. 351, 18 S.W. 437. See Tarrant v. Walker, Tex.Sup., 166 S.W.2d 900; Ætna Life Ins Co. v. Gallagher, 127 Tex. 553, 94 S.W.2d 410; City of Corpus Christi v. McMurray, Tex.Civ.App., 92 S.W.2d 1108, mandamus refused by the Supreme Court.

We adhere to the holding expressed in our original opinion and appellee's motion for rehearing is accordingly overruled.