### GOLDMAN v. LOPEZ et al.
### No. 11755.

Court of Civil Appeals of Texas. Galveston.
Feb. 14, 1946.

Rehearing Denied March 28, 1946.

Leon C. Levy, of Victoria, for appellant.

Cullen B. Vance, of Edna, for appellees.

MONTEITH, Chief Justice.

This is an appeal from an order overruling a plea of privilege in an action brought by appellees, Narciso Lopez, Jr., et al., in the district court of Jackson County, for the recovery of damages alleged to have been sustained as the result of the negligence of appellant, Henry Goldman, in various particulars, including the permitting of his truck and attached trailer to stand on the paved portion of a public highway without lights, flares or reflectors, which was alleged to have resulted in serious injuries to appellee, Narciso Lopez, Jr., and in the death of his grandmother.

Appellant filed his plea of privilege to have said suit tried in Victoria County, the county of his residence. Appellees duly controverted said plea, claiming venue in Jackson County under the subdivision 9 of Article 1995, Revised Civil Statutes of 1925.

Upon a hearing of the allegations of the plea of privilege and the controverting affidavit before the court without a jury, an order was entered overruling appellant's plea of privilege. No findings of fact or conclusions of law were requested by the parties or filed by the trial court.

Appellees rely for venue in Jackson County on the crime and offense provisions of said Subdivision 9 of the venue statutes. They allege and contend that venue was sustainable in that county by reason of the fact that the alleged injuries and resulting damages were the result of crimes and offenses on the part of appellant in various particulars, including: operating his truck with attached trailer without tail or clearance lights; parking and leaving his vehicle with a portion of the trailer standing on the paved portion of a public highway; and in failing to put out flares, all of which were in violation of the provisions of Article 827a of the Penal Code, and in operating his truck and trailer on a public highway without a tail light in violation of Article 798 of the Penal Code. Appellees alleged that each of said Acts and omissions constituted crimes and offenses within the meaning of said Subdivision 9 of said Article 1995, and that each was the proximate cause of the injuries and damages sustained by appellees.

The suit arose out of a collision which occurred on the public highway near the Town of Edna in Jackson County, Texas, on the night of January 10, 1945, when an automobile being driven by Narciso Lopez, Jr., collided with the rear end of a truck with attached trailer which had been parked and allowed to stand with the rear end of the trailer extending about four feet into the paved portion of the highway without lights or reflectors and without flares being put out as provided for in said Article 827a of the Penal Code.

The combination vehicle, which was owned by appellant, Henry Goldman, was being driven by his employee, Merle Ricks, who was not made a party to the suit. Appellant testified that his driver was operating said vehicle under his immediate supervision and that he, appellant, was driving directly behind the truck in his passenger car because the truck and trailer had no lights and he wanted to prevent anyone striking the trailer from the rear. At about 9:30 o'clock the gasoline supply of the truck became exhausted and appellant, after instructing the driver "to get out your lights," left the truck and trailer and went to Edna for the purpose of procuring gasoline. The collision occurred while appellant was on his mission to Edna for gasoline.

It is undisputed that, at the time of the collision, the rear end of the trailer was standing on the paved portion of the highway and that appellee Lopez ran into the rear end of the parked vehicle; that there were no lights or reflectors of any kind on either the truck or the trailer and that no lighted flares had been placed on the highway at the rear of the trailer.

Appellant contends that no crime or offense was committed by him within the purview of said Subdivision 9 of Article

1995 for the reason that he was not present at the time of the collision and that a violation of the law by his agent, Ricks, cannot be imputed to him, since he was not a principal to the violation of the law and had committed no offense which would subject him to a penalty under the Penal Code.

■ It is the settled law of this state that the purpose of the venue statute is to give the person who has been sued the right to defend such suit in the county of his domicile, except under well defined exceptions. Among the exceptions authorizing the filing of a suit against a person outside the county of his domicile is Subdivision 9 of Article 1995, Revised Statutes of 1925, which provides that:

"9. Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

There has been some conflict of decision among the Courts of Civil Appeals of this state in suits which involved the construction to be applied to the phrase "A suit based upon a crime" as used in said exception 9 of the venue statute. However, this uncertainty has, we think, been resolved by the decision in the recent case of Mercer v. McCurley, 142 Tex. 197, 176 S.W.2d 923, 925, wherein the Supreme Court, quoting with approval from the opinion of the San Antonio Court of Civil Appeals in the case of Thomas v. Meyer, 168 S.W.2d 681, 685, said:

"This court has consistently followed the holding of Austin v. Cameron (83 Tex. 351, 18 S.W. 437, 438), upon the point involved and has repeatedly refused to recognize as suits based upon a crime or offense that class of actions in which the liability of the defendant to the plaintiff is predicated upon some act denounced as criminal by the Penal Code, committed by a person other than the defendant and for which the defendant is not punishable under the provisions of the Penal Code. * * *

"As to the character of the action and by way of summary, the holding of this Court is that in order to make applicable the 'crime' clause of exception 9 of Article 1995, the suit alleged in plaintiff's petition must be one in which the basis of liability of the defendant to the plaintiff is some act or omission for which act or omission the defendant is liable to punishment under the Penal Code."

It is undisputed in the record in this case that darkness had overtaken appellant and his vehicles some 25 miles from the point of collision. Appellant testified that he drove directly behind the trailer because the truck and the trailer had no lights and that he wanted to avoid someone running into it from the rear. It is undisputed that the rear end of the trailer was stopped and allowed to remain on the paved portion of the highway while appellant was present and, according to his testimony, directing the operation of the truck, and that he allowed it to remain on the paved portion of the highway while he went to Edna for gasoline, and there is no evidence in the record that he made any effort or left any instructions with his driver to remove the truck from the highway.

■ This case was tried before the court without a jury and since no findings of fact or conclusions of law were filed by the court, every disputed issue raised by the testimony, including the acts alleged and relied upon by appellees as being in violation of Articles 827a and 798 of the Penal Code as a basis upon which to plant the charge of crime and offense against appellant, must be resolved in support of the judgment rendered.

Under these facts it must be assumed that the court found that appellant was operating the truck through his agent who was subject to his immediate control and supervision, and that when he left the scene of the collision without removing the truck from the paved portion of the highway in violation of Section 10 of Article 827a, and without placing flares as required by Section 9-a of said Article, he personally committed these two offenses.

■ It is the settled law that the distinction between principals and accomplices does not obtain in misdemeanor cases in this state and that, in this type of case, a person who advises others or acts through an agent is a principal, whether present or not. Tex.Jur., Vol. 12, page 326, Section 72.

■ Under above authorities, and under the undisputed facts in the record, we think that the trial court was justified in holding this action to be properly classified as a suit based upon a crime or offense for which appellant is liable to punishment under the provisions of the Penal Code.

The judgment of the trial court is in all things affirmed.

Affirmed.