**DUPREE v. PRIMEAUX.**

No. 12301.

Court of Civil Appeals of Texas.
San Antonio.
July 11, 1951.

Ernest Morgan, San Marcos, for appellant.

House, Mercer & House, San Antonio, for appellee.

NORVELL, Justice.

J. B. Dupree, doing business as Dupree Oil Company, has appealed from an order overruling his plea of privilege to be sued in Hays County, the county of his residence. The trespass clause of exception 9

of Article 1995, Vernon's Stats., is involved. The controlling question is whether or not there was any evidence showing a trespass.

The case was tried in the county court and plaintiff was the only witness who testified. A court reporter was not present but the parties have agreed upon a statement of facts in narrative form. The testimony relied upon to show a trespass consists of a statement made by a Mr. Dupree to the plaintiff, M. F. Primeaux.

Plaintiff pleaded that his automobile was hit by a truck owned by defendant; that the driver of the truck was negligent and that such negligence was a proximate cause of the damage to plaintiff's automobile.

Primeaux testified that he drove his Buick sedan automobile in a Fourth of July (1950) Parade held at Seguin, Texas, and then left it parked upon one of the streets. When he next saw the car, it had been damaged. Later, he talked with Dupree and his version of the conversation is as follows: "The next day Mr. Dupree came and told me it was his truck that had run into my car. Mr. Dupree told me his truck was going through town for a load of gasoline and had to detour. He said a truck was backing out of a driveway across the street and made his truck run into my car. * * * Mr. Dupree said his truck had to detour and had to stop at the corner and when his truck started up there was a truck backing out from across the street and when his truck started up the back end of his truck struck the back end of my car. * * * Except for what Mr. Dupree told me I know nothing about whose truck it was that ran into my car or who was driving it."

 The phrase "suit based upon a trespass," used in exception 9 of Article 1995, refers to a certain class of actions. Thomas v. Meyer, Tex.Civ.App., 168 S. W.2d 681; Heard & Heard v. Kuhnert, Tex.Civ.App., 155 S.W.2d 817. In order to bring a negligence case within the class specified as a "suit based upon a trespass," it is necessary, among other things, to show by a preponderance of the evidence that the defendant or his agent was negli-

**646**

gent and that such negligence was a proximate cause of the injury or damage sustained by plaintiff. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. The testimony here shows no more than that a collision took place. It does not show that appellant or his truck driver was negligent.

The judgment is reversed, the plea of privilege sustained and the venue ordered changed to Hays County, Texas, the county of defendant's residence.