John David THOMPSON et al., Appellants,

v.

Betty Jo ELDREDGE et al., Appellees.

No. 3096.

Court of Civil Appeals of Texas.

Eastland.

Sept. 10, 1954.

452

Nelson & Sherrod, Jones, Parish & Fillmore, Wichita Falls, for appellants.

Moraul Bosonetto, Sapulpa, Okl., R. J. Balch, Seymour, for appellees.

GRISSOM, Chief Justice.

Mrs. Eldredge a widow, for herself and as next friend for her minor children, sued Thompson and Ernest Loyd in Baylor County for damages caused by the death of her husband in a collision between an automobile driven by Mr. Eldredge and a truck driven by Thompson in July, 1952. Defendants filed pleas of privilege. Plaintiffs alleged the suit was maintainable there under exceptions 9 and 29a, Article 1995; that Thompson was the agent and employee of Loyd in hauling gravel in a dump truck; that Thompson (1) failed to stop at a stop sign at the intersection of Highways 183 and 277; that he drove his truck through a stop sign at said intersection without stopping, (2) at a high rate of speed, and (3) in attempting to make a left turn at said intersection, drove the truck "directly into and against plaintiffs' automobile", thereby causing the damages complained of. The court overruled defendants' pleas of privilege and they have appealed.

After a careful study of the evidence, we are compelled to sustain appellants' contention that there was no evidence to sustain an implied finding that the truck driver was guilty of any affirmative act of negligence alleged by plaintiffs which could constitute a trespass proximately causing the injuries to appellees. The effect of the controverting plea is that the truck driver, in leaving highway 183 and entering highway 277 failed to stop at a stop sign but crossed it at a high rate of speed and, in attempting to turn left, drove his truck into plaintiffs' automobile.

■■ There is, perhaps, some evidence that the truck driver drove onto highway 277 immediately in front of plaintiffs' automobile. If so, there is no allegation of the commission of a crime or trespass in such manner. Plaintiffs had the burden of both alleging and proving by a preponderance of the evidence that Thompson was guilty of an active act of negligence which was a proximate cause of plaintiffs' damages. Chiles v. Goswick, 148 Tex. 306, 225 S.W.2d 411; Banks v. Collins, Tex., 257 S.W.2d 97, Dupree v. Primeaux, Tex. Civ.App., 241 S.W.2d 645. The collision occurred prior to the 1953 amendment of exceptions 9 and 9a, Article 1995. The amendment provided it should not apply to suits pending when it became effective. It became effective ninety days after adjournment of that session of the Legislature, which adjourned May 27, 1953. This suit was filed June 6, 1953 and it was, therefore, pending when the amendment became effective.

We think the evidence cannot be reasonably construed so that it could sustain a finding that Thompson failed to stop at a stop sign at the intersection of said highways, or that he entered highway 277 at a high rate of speed, or that, in turning to his left after entering highway 277, he drove his truck directly into and against plaintiffs' automobile, as plaintiffs alleged in their controverting affidavit. The only witness that testified relative to said allegations swore that he did not know whether Thompson stopped at the stop sign or not.

He swore that Thompson was driving at a rate of five to ten miles an hour. The undisputed evidence shows that he did not drive his truck into plaintiffs' automobile but that the automobile struck the truck. Under the circumstances it becomes our duty to reverse the judgment and remand the cause to the trial court. Childre v. Casstevens, 148 Tex. 297, 224 S.W.2d 461. It is so ordered.

LONG and COLLINGS, JJ., concur.