## J. A. Worley v. The State.

No. 6290.   Decided May 25, 1921.

**1.—Negligent Homicide—Statutes Construed.**

The automobile law of 1917, Article 1022-a, of the Penal Code, did not change the law of negligent homicide but the object was to add a new clause to the law of aggravated assault.

**2.—Same—Indictment—Negligent Homicide—Apparent Danger—Motion · to Quash**

Where the indictment charged negligent homicide resulting from the unlawful operation of a motor vehicle, but failed to allege the particular act relied upon by the State, and omitted to allege the element of apparent danger, the same was insufficient on motion to quash, and the judgment must be reversed and the cause remanded.

Appeal from the County Court of Young.   Tried below before the Honorable W. H. Reeves.

Appeal from a conviction of negligent homicide in the second degree; penalty, a fine of $1000.

The opinion states the case.

*Marshall & King,* and *Kay, Akin & Kenley,* for appellant.—Cited Howard v. State, 25 Texas Crim. App., 686; Talbott v. State, 58 Texas Crim. Rep., 324.

*R. H. Hamilton,* Assistant Attorney General, for the State.—On question of indictment: Cited Lahue v. State, 51 Texas Crim. Rep., 159; Noble v. State, 54 id., 436; Holland v. State, 55 id., 27.

MORROW, Presiding Judge.—Appellant was convicted for the offense of negligent homicide.

We quote the indictment, omitting the formal part:

"One J. D. Worley did then and there unlawfully operate a motor vehicle, to-wit: an automobile upon a public highway of the State of Texas, to-wit: a public street of the City of Graham, Young County, Texas, and did then and there while so operating said motor vehicle, wilfully and with gross negligence, collide with and injure another person, to-wit: Baxter Harley, the said Baxter Harley being then and there a pedestrian upon such highway, which said injuries did then and there result in the death of the said Baxter Harley, against the peace and dignity of the State," etc., etc.

In the Automobile Law of 1917, Art. 1022-a of the Penal Code, we find the following:

"If any driver or operator of a motor vehicle or motorcycle upon the public highways of this State shall wilfully or with gross negligence collide with, or cause injury to any other person upon such highway, he shall be held guilty of aggravated assault, and shall be punished accordingly, unless such injuries result in death, in which event said party so offending shall be dealt with under the general law of homicide."

It was not the purpose or effect of this statute to change the law of homicide, but the object was to add a new clause to the law of aggravated assault. The various elements of the law of homicide are contained in the Code:

"Negligent homicide is such as happens in the performance of a lawful act; and such as occurs in the performance of an unlawful act." (Penal Code, Art. 1113).

"One who, in the performance of a lawful act, shall by negligence and carelessness cause the death of another, is guilty of negligent homicide of the first degree." (Penal Code, Art. 1114).

"To constitute this offense, there must be an apparent danger of causing the death of the person killed, or some other." (Penal Code, Art. 1116).

"To bring the offense within the definition of homicide by negligence, either of the first or second degree, there must be no apparent intention to kill." (Penal Code, Art. 1119).

Doubtless one, by the use of an automobile, might commit homicide of any degree, depending upon the facts in each particular case. In charging negligent homicide, the particular act relied upon by the State should be set out, and it should appear from the indictment that all the elements of the offense charged exist. Among these is that declared in Article 1116 that "to constitute the offense, there must be an apparent danger of causing the death of the person killed, or some other;" and "to bring the offense within the definition of homicide by negligence, either of the first or second degree, there must be no apparent intention to kill." (Article 1119). From these we understand that it is necessary that the State allege and prove that the danger was apparent to the accused. (Talbot v. State, 58 Texas Crim Rep., 324); and that he, either in the commission of the unlawful act such as is described in the statute or through negligence, caused the injury. Forms coinciding with these views have been long in use. See Willson's Crim. Forms, Edition of 1896, Forms 385 and 386.

The indictment before us omits entirely the statutory element of apparent danger and is deficient in describing the act relied upon. *Prima facie* it is not unlawful to operate a motor vehicle upon a public highway. If in this instance an unlawful operation was intended, the facts making the operation unlawful should have been alleged. If it should be intended to charge that the act of operating the automobile

was lawful, but performed in a negligent manner, corresponding averments should be embraced in the indictment.

For the reasons stated, the judgment of the trial court is reversed and the cause dismissed.

*Dismissed.*