## BRASLAU et al. v. MOON.

No. 11594.

Court of Civil Appeals of Texas. San Antonio.

Feb. 20, 1946.

James L. Lattimore and Kemp, Lewright, Dyer, Wilson & Sorrell, all of Corpus Christi, for appellants.

Carter & Stiernberg and J. F. Whitelaw, all of Harlingen, for appellee.

NORVELL, Justice.

This is an appeal from an order overruling a plea of privilege. The action grew out of a three-way automobile collision which occurred in Jim Wells County, Texas. On the evening of April 11, 1945, H. J. Moon, his wife and two children were traveling in a westerly direction from Alice toward San Diego. Ahead of Moon on the road, Jim H. Walker, Jr., was also traveling in a westerly direction. A Chevrolet truck owned by Frank and Morris Braslau and being driven by one of their employees was traveling in an easterly direction toward Alice when it collided with the Walker car and then with the Moon car.

Moon, individually and as next friend of his minor children, brought this action in Jim Wells County against Frank Braslau, Morris Braslau and Jim H. Walker, Jr. The Braslaus filed a plea of privilege to be sued in Nueces County. Moon filed a controverting affidavit, based upon exceptions 4, 9 and 29a of Article 1995, Vernon's Ann. Civ.Stats.

Appellee concedes that the order appealed from must be reversed. It was not proven that Jim H. Walker, Jr., was a resident of Jim Wells County, consequently exception 4 is not applicable. Exception 29a is only operative in connection with some other exception set forth in Article 1995. Boyd v. San Antonio National Bank, Tex.Civ.App., 171 S.W.2d 375. The jury found that the driver of the truck was guilty of a number of acts of affirmative negligence, but, although the defect was called to the court's attention, no issue was submitted as to whether or not these acts of negligence were proximate causes of Moon's injuries or damages. Venue in Jim Wells County under exception 9 therefore cannot be sustained. Heard & Heard v. Kuhnert, Tex.Civ.App., 155 S.W.2d 817.

All that remains in the case is to determine whether the cause should be remanded to the Jim Wells County District Court for new trial upon the plea, or the venue changed by this Court to one of the District Courts of Nueces County.

If only exceptions 4 and 29a were involved, the proper order upon this record would be one transferring the case to Nueces County for trial upon the merits. However, insofar as exception 9 is concerned, the error consists of the failure to submit one element of a venue fact under record circumstances which would preclude an implied finding against appellants upon such issue. The proper order, therefore, is the same as that which would be entered because of a like error committed upon a trial of the merits.

The order appealed from is reversed and the cause remanded to the District Court of Jim Wells County for new trial upon appellants' plea of privilege.

Reversed and remanded.