**WASH v. BUSTER.**
No. 2883.

Court of Civil Appeals of Texas. Waco.
Jan. 12, 1950.

Senterfitt, Crump & Jameson, San Saba, for appellant.

Byron L. McClellan, Gatesville, for appellee.

LESTER, Chief Justice.

C. C. Buster filed suit in the District Court of Coryell County to recover damages for personal injuries against Marshall Wash, a resident of Mills County, Texas, as the result of a collision between an automobile in which he was riding and a cow owned by the defendant. The collision occurred on the 6th day of January, 1948, on the Farm & Market Road between Gatesville and Pidcoke in said county.

The defendant filed his plea of privilege to be sued in Mills County. The plaintiff controverted the same and alleged that the District Court of Coryell County should retain venue of said cause under the provisions of Article 1995, subdivision 9, Vernon's Annotated Civil Statutes.

Plaintiff alleged in his original petition and in his controverting affidavit that the collision was the proximate result of the negligence of the defendant in permitting his cow to be running at large on said highway in an area in which the stock law was in effect, and that in so doing he had committed a trespass and had violated the penal laws of this state.

The hearing was before the court and the court overruled the plea of privilege.

Subdivision 9 of Article 1995 provides that a suit based upon a crime, offense or trespass may be brought in the county where such crime, offense, or trespass was committed. Article 1370 of the Penal Code of this state provides: "Whoever shall knowingly permit any horses, mules, jacks, jennets, or cattle to run at large in any territory in this State where the provisions

of the laws of this State have been adopted prohibiting any of such animals from running at large shall be fined not less than Five Dollars ($5) nor more than Two Hundred Dollars ($200)."

■ The trial being before the court without the aid of a jury and the record containing no findings of fact or conclusions of law and no request for the same, under such circumstances we must presume the court found every issuable fact pleaded by the plaintiff and tendered by the evidence in support of the court's action in overruling the plea. Gulf Coast Chemical Co. v. Hopkins, Tex.Civ.App., 145 S.W.2d 928; Houston Oil Co. v. Biskamp, Tex.Civ.App., 99 S.W.2d 1007; Miller v. State, Tex.Cr.App., 155 S.W.2d 366, 1012. The defendant offered no testimony upon the trial. The plaintiff's evidence shows that the defendant's place is some three or four miles from where the collision occurred; that an unfenced area known as Camp Hood area is situated between the defendant's place and the highway; that the defendant ran his cattle upon the Camp Hood area. Mr. Woodley, the driver of the car involved in the accident, testified that when he, his wife and the plaintiff left Gatesville it was just beginning to get a little dark and he turned on the lights of his car after getting out of town. He further testified that after leaving Gatesville he went right on and was running about forty or forty-five miles per hour when a cow suddenly came out of some brush or weeds and upon the highway just in front of his car and the collision occurred, and that as a result he was knocked unconscious and so remained about thirty minutes. Plaintiff's witness Archie Wright testified that he lived near the highway and about 300 yards from the scene of the accident; that he had seen this cow on several other occasions on the highway and he had seen her in the unfenced area of Camp Hood; that he had seen this cow for fifteen or twenty days; that on the day of the accident he had seen this cow, with three others, upon the highway. When asked: "Whereabouts on the highway?" he answered: "Well, from there on plumb back to the Camp." He further testified that about sundown he saw whom he took to be the defendant and two of his hired men drive the cattle from the highway near the scene of the accident and they drove them back into the unfenced area of the Army Camp. He said he could not positively identify the men but he did identify the pickup truck with trailer attached as being the defendant's truck and testified that he had seen the defendant drive this truck on prior occasions and knew they were the defendant's cattle because he had told him they were his and he was seeing after them. He further testified that just a little after dark Mr. Woodley, the driver of the car, came to his house and requested him to help get the car off of his wife; that he went to the scene of the accident and identified the cow struck as being the cow belonging to the defendant and the one that he had seen on the highway on several occasions.

■ The defendant first contends that there was no trespass committed within the meaning of subdivision 9 of Article 1995, in that the negligence, if any, of the defendant was passive; and second, that plaintiff failed to prove a cause of action based upon a crime or offense committed by the defendant in Coryell County. The view we take of the case it becomes immaterial whether the negligence of the defendant was active or passive. If the cause of action is in fact based upon an offense or a crime and if there was a causal connection between the acts complained of and the plaintiff's injuries, then the plaintiff would be entitled to maintain his suit in the District Court of Coryell County. One of the necessary elements of the offense complained of is an intention to do the act, or such negligence as is tantamount to a willful act. Jackson v. Overby, Tex. Civ.App., 185 S.W.2d 765; 39 Tex.Jur. p. 337; Texas & P. R. Co. v. Webb, 102 Tex. 210, 114 S.W. 1170, 1173. We have read all of the authorities cited by the appellant but do not think that any of them are in point under the facts of this case. If the cow was driven from the highway about sundown and out into the unfenced area of the Army Camp, as testified to by Mr. Wright —and his evidence is not contradicted—

244

and the cow coming back to the highway in such a short period of time, it is reasonable to presume that she was not driven very far from the highway before she was left again to roam at will. It is a matter of common knowledge that it is the natural instinct of cattle to roam when unconfined. Therefore, we are of the opinion that the evidence was sufficient for the trial court to conclude that the defendant intentionally permitted his stock to run at large, or that he was so negligent in this respect that it was tantamount to a willful act. The plaintiff established that the stock law was in force at the time and place of the accident. Therefore, we are of the opinion that the District Court of Coryell County had venue of said cause.

The judgment of the trial court is affirmed.