**GANN et al. v. KEITH et al.**

No. 12275.

Court of Civil Appeals of Texas.
San Antonio.

May 16, 1951.

Rehearing Denied June 13, 1951.

Chas. J. Lieck, and Murray, & Murray, Floresville, San Antonio, for appellants.

Carl Wright Johnson, Nat L. Hardy, San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from an order sustaining pleas of privilege. Two causes were consolidated for the purpose of hearing the pleas which were filed by Ben E. Keith, a resident of Tarrant County, and Raymond Earl Mabra, a resident of Dallas County. This litigation grew out of a collision wherein a pick-up truck ran into the rear end of a tractor-trailer outfit. The latter vehicle was owned by Keith and was under the control of his servant Mabra at the time the collision took place in Wilson County, where the suits were filed.

The crime clause of exception 9 of Article 1995, Vernon's Ann.Civ.Stats., is involved. Appellants contend that when the tractor-trailer became disabled, Mabra left the same upon the highway in violation of Articles 827a, § 9–a, of Vernon's Penal Code, and Article 6701d, § 121, of Vernon's Ann.Civ.Stats., in that the vehicle was left parked and unattended upon the highway in the nighttime and a flare was not placed to the rear thereof at a distance of not less than 150 feet, and that a white light was not exhibited on the roadway side visible for a distance of 500 feet. For the purpose of this appeal, we may consider that a flare was not placed 150 feet to the rear of the truck; that the headlights were turned off, and that the penal code was thus violated.

The trial judge, although not required to do so, prepared findings of fact and conclusions of law. Rule 385, Rules of Civil Procedure. He found that Madra put out the flares, one to the north and in front of the tractor-trailer, one approximately two feet to the rear of the left-hand rear corner of the trailer, and one 82 feet to the rear end of the trailer; that Madra left the tractor-trailer with twenty-three lights burning thereon, some of which were to the rear of the trailer, being clearance lights at the top and bottom thereof on each side, taillights and three lights across

the center of the top of the trailer; that the highway near the place where the collision occurred was straight for approximately one mile south of the tractor-trailer, so that a person approaching from the south (as was the pick-up truck) would have no difficulty in seeing the damaged vehicle on the road ahead, and "that none of the acts of Mabra in stopping the truck, lighting the same or putting out the flares in the manner stated was a proximate cause of the collision."

Appellants do not attack these findings, but assert that as a violation of the penal code was shown in that a flare was not placed at least 150 feet back of the tractor-trailer and that its headlights were turned off, the pleas of privilege should be overruled. It is asserted that in a "suit based upon a crime," as distinguished from a "suit based upon a trespass," the element of "proximate cause" is not a venue fact.

This Court held contrary to appellants' contention in Thomas v. Meyer, Tex.Civ.App., 168 S.W.2d 681, 686, wherein the matter was fully considered and it was said:

"As to the character of the action and by way of summary, the holding of this Court is that in order to make applicable the 'crime' clause of exception 9 of Article 1995, the suit alleged in plaintiff's petition must be one in which the basis of liability of the defendant to the plaintiff is some act or omission for which act or omission the defendant is liable to punishment under the Penal Code.

"The character of the suit and the applicability of the exception being thus established, the burden then devolves upon the plaintiff to plead (in the controverting affidavit) and prove (by a preponderance of the evidence) that (1) a crime or offense was in fact committed, (2) by the defendant (the party asserting his privilege) as a principal, accomplice or accessory, as defined by the Penal Code, (3) in the county wherein venue is sought to be maintained, and (4) that there is a causal connection between the act or omission constituting the crime and the plaintiff's injuries (as in the case of a trespass. Heard & Heard v. Kuhnert, Tex.Civ.App., 155 S.W.2d 817, 819)."

Since the decision of Thomas v. Meyer, exception 9 of Article 1995 has been amended so as to provide that suit may be maintained against an employer whose servant commits a crime while in the course of his employment, although the employer is not liable criminally for a violation of the penal code. Acts 1947, 50th Leg., p. 739, ch. 366, § 1. However, the rule as to the necessity of showing a causal connection between the crime made the basis of the suit and the plaintiff's injuries was not changed in any way.

The order appealed from is affirmed.