Lennie Elvy WILEY et al., Appellants,

v.

Mrs. T. E. MERCER et al., Appellees.

No. 3184.

Court of Civil Appeals of Texas.

Eastland.

Sept. 9, 1955.

Abbott & Tidwell, Abilene, for appellants.

Hill & Paddock, Ft. Worth, Rawlings, Sayers, Scurlock & Eidson, Ft. Worth, for appellees.

LONG, Justice.

This is the second appeal of this case. The first opinion by this court may be found in 252 S.W.2d 984. Upon the first trial of the plea of privilege the court overruled the plea. We reversed and remanded this judgment because the pleadings of the plaintiffs failed to show as a matter of law any causal connection between the alleged negligence of the plaintiffs and injuries resulting from the collision. Before a hear-

ing of the plea of privilege after the case again reached the trial court plaintiffs amended their pleadings and alleged that their car was without warning struck from the rear by a third vehicle and that plaintiffs' car then swerved out of control onto the left side of the highway in front of the defendants' truck. Plaintiffs further alleged that the speed of defendants' truck was a proximate cause of the collision because defendants' agent could have stopped the truck or otherwise avoided the collision had he not been driving at such alleged illegal rate of speed. Upon a hearing of the plea of privilege the trial court held that the facts alleged by plaintiffs failed to show that the acts of the defendants were a proximate cause of plaintiffs' injuries. The court concluded as a matter of law that the pleadings failed to establish such necessary element and that the plea of privilege should be sustained and the cause transferred to Tarrant County, the residence of the defendants. The plaintiffs, although given an opportunity to do so, failed to introduce any evidence upon the hearing of the plea of privilege. From the judgment sustaining the plea of privilege, plaintiffs have appealed

 We have carefully considered the pleadings of the plaintiff and have concluded that the trial court placed the proper construction thereon. The pleadings show that Mrs. Wiley, one of the plaintiffs, was operating her automobile in a column of cars in a westerly direction at a rate of speed not exceeding thirty-five miles per hour, that her car was struck in the rear by a car driven by one Herman Moen and without warning was knocked into the path of the oncoming truck driven by the agent of the defendants. It is well settled that foreseeableness is a necessary element of proximate cause. We hold, as a matter of law, that the driver of the truck was not chargeable with foreseeing that a third party such as Herman Moen would negligently strike the car of the plaintiffs from the rear and cause it to, without warning, be driven upon the side of the highway immediately in front of the truck. Dallas Railway & Terminal Co. v. Hendrix, Tex.

Civ.App., 261 S.W.2d 610; Reeves v. Tittle, Tex.Civ.App., 129 S.W.2d 364; Gann v. Murray, 151 Tex. 130, 246 S.W.2d 616.

Plaintiffs rely upon subdivision 9 of Article 1995, Vernon's Annotated Texas Civil Statutes, to hold the venue of this case in Stephens County. Consequently, the burden is upon the plaintiffs to establish, by a preponderance of the evidence that a crime, offense or trespass was committed by defendants or their agents in Stephens County, Texas. This they failed to do. There was no evidence introduced upon the hearing of the plea of privilege, therefore, for this reason the judgment of the trial court must be sustained. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.

The judgment of the trial court is affirmed.