A. E. WIEDERKEHR, Appellant,

v.

Steve COKER et al., Appellees.

No. 3325.

Court of Civil Appeals of Texas.

Eastland.

June 7, 1957.

Rehearing Denied June 28, 1957.

Lloyd & Lloyd, Alice, for appellant.

Woodrow Curtis, Pearsall, for appellee.

LONG, Justice.

Steve Coker and Teresa Coker instituted this suit against A. E. Wiederkehr, C. H. Carpenter and E. R. Bailey to recover on a check issued by Carpenter & Bailey in favor of O. K. Well Service in the sum of $310.63 and cashed by plaintiffs. Plaintiffs alleged that on or about the sixth day of March, 1956, they were engaged in the

grocery business in the City of Pearsall, Frio County, Texas, and that James O. Taylor presented said check to the plaintiff, Steve Coker, and that the plaintiff cashed said check which was endorsed "O. K. Well Service James O. Taylor"; that the plaintiffs deposited said check in the Security State Bank on or about the seventh day of March, 1956, and that said check was paid by the National Bank of Commerce, the bank on which it was drawn; that, thereafter, on the seventh day of July, 1956, after said check had cleared and had been paid, the same was returned to the Security State Bank of Pearsall, Texas, and was by that bank charged to the plaintiffs' account; that there was attached to said check an affidavit of the defendant, Wiederkehr, to the effect that James O. Taylor had no authority to endorse said check and that by reason of the action of said Wiederkehr the check was returned and charged to plaintiffs' account. Plaintiff further alleged that defendant, Wiederkehr, failed to file an "Assumed Name Certificate", as required by the penal code of the State of Texas, in Frio County; that the failure of said defendant to file said certificate induced plaintiffs to cash said check; that if the defendant had filed said certificate the plaintiffs would have been apprised of the fact that A. W. Wiederkehr was the sole owner of the business known as O. K. Well Service. Defendant, Wiederkehr, filed a plea of privilege to be sued in Duval County, the county of his residence. The defendants, Carpenter and Bailey, filed a plea of privilege to be sued in Bexar County, the county of their residence. Plaintiffs controverted both pleas of privilege. Upon a hearing before the court without a jury both pleas were overruled. The defendant, Wiederkehr, alone has appealed.

Plaintiffs sought to hold venue in Frio County as to the defendant, Wiederkehr, under Subdivision 9 of Article 1995, Vernon's Ann.Civ.St. Plaintiffs alleged that the defendant Wiederkehr, had committed a crime in Frio County in that he had violated Article 1067 of the Penal Code. Said article provides as follows:

"No person or persons shall carry on or conduct or transact business in this State under any assumed name or under any designation, name style, corporate or other wise, other than the real name or names of the individual or individuals conducting or transacting such business unless such person or persons shall file in the office of the county clerk of the county or counties in which such person or persons conduct, or transact or intend to conduct or transact such business, a certificate setting forth the name under which such business is or is to be conducted or transacted, and the true or real full name or names of the person or persons conducting or transacting the same, with the post-office address or the addresses of said person or persons. Said certificate shall be executed and duly acknowledged by the person or persons so conducting or intending to conduct said business in the manner now provided for acknowledgment of conveyance of real estate."

By his first point appellant contends that the appellees failed to prove that appellant committed a crime or offense in Frio County. This point is sustained. The burden was upon appellees, in order to sustain venue under section 9, to establish each element of the offense or crime relied upon. Downs v. McCampbell, Tex. Civ.App., 203 S.W.2d 302, 303. In order to sustain venue under said section the burden was upon appellees to prove by competent evidence that the appellant committed a crime or offense in Frio County. Gann v. Murray, 151 Tex. 130, 246 S.W.2d 616. The allegation in their petition of the commission of such crime is not sufficient. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. The burden was upon appellees to show that appellant was conducting a business in Frio County under the assumed name of O. K. Well Service. This

they failed to do. The county clerk of Frio County was the only witness upon the trial. He testified as to the records in that county. It was established by him that appellant had not filed an assumed name affidavit in Frio County, but there was no proof that the appellant was conducting any kind of business in Frio County or that he had ever conducted any business in such county.

 By his second point appellant contends appellees did not prove a cause of action against him. This point is sustained. It was not necessary for appellees to show a causal connection between the offense committed and the injuries of the appellees. This may be determined from the pleadings. The other elements, however, of the cause of action must be established by appellees to sustain venue in Frio County under section 9. The burden was on the appellees to prove that they sustained damages, although they did not have to show the extent thereof. Cockburn v. Dixon, 152 Tex. 572, 261 S.W.2d 689. There is no evidence that the appellees were damaged by the transaction. The check upon which they relied was not introduced in evidence. In fact, there is no evidence in the record other than the testimony of the county clerk of Frio County. Merely alleging the transaction in the pleadings is not sufficient to sustain venue in Frio County. Perry v. Wood, Tex.Civ.App., 25 S.W.2d 650.

■■ By this third point appellant contends appellees' petition shows that their cause of action is not based on a crime or offense. This point is sustained. The petition of appellees shows on its face that their cause of action is based upon the transaction in which appellees cashed a check which was later charged back to their account by reason of the conduct of appellant. The presence or absence of an assumed name certificate in the county clerk's office is not the basis of the action and had nothing to do with the damages sustained by appellees. The petition does

not allege that the appellees had ever examined the assumed name records of Frio County in order to ascertain who owned the O. K. Well Service. There is no allegation that the presence or absence of the affidavit had anything to do with cashing the check. The law is well settled that where the plaintiffs rely upon Subdivision 9 to sustain venue that the crime or offense must be the basis of the suit. In the instant case the suit is based upon occurrences entirely separate and distinct from any crime or offense. Page v. Kilgore, Tex.Civ.App., 181 S.W.2d 730. The petition of appellees shows on its face that their cause of action is based on the transaction relating to the check and not on a violation of Article 1067 of the Penal Code. Carpenter and Bailey have not appealed. The judgment as to them is, therefore, affirmed. The judgment as to A. E. Wiederkehr is reversed and the cause remanded. The judgment is affirmed in part and reversed and remanded in part.